**RUSH v. KIRK et al.**

No. 2367.

Circuit Court of Appeals, Tenth Circuit.

Feb. 24, 1942.

Rehearing Denied March 26, 1942.

---

permit by June 1, 1934; that appellant should have eight per cent of all oil and gas produced from any 160 acres of land covered by his permit which he might select, and an additional two per cent of all oil and gas produced from any other land covered by his permit. It was provided that if no well was commenced on some part of appellant's land as called for in the contract, or if the consolidated permit or any lease granted thereunder was abandoned or released, or if Kirk should fail to keep the consolidated permit or any lease granted thereon in good standing, then the permit or lease should be assigned to appellant or his order.

The consolidated permit was secured, and the well specified in the contract was drilled and came in a producer, whereupon Kirk became entitled to a lease from the United States. Thereafter, on February 15, 1935, at the request of Kirk, an oil and gas lease was given to the Dry Creek Oil Company by the Secretary of the Interior. The lease required the commencement of a well within three months from the delivery thereof and continued drilling operations with reasonable dispatch until wells equal in number to the number of forty acre tracts embraced in the lease had been drilled, unless consent in writing was given by the lessor for a lesser number of wells. The lease further provided that if the lessee should fail to comply with the provisions of the act under which it was granted or make default in the performance of any of the terms, covenants and stipulations of the lease, and such default should continue after service of written notice, the lessor might institute appropriate judicial proceedings to forfeit and cancel the lease. No wells other than the discovery well were drilled on any of the land included in the lease.

March 6, 1941, appellant filed an amended complaint in the District Court of the United States for the District of Wyoming against Kirk and the Dry Creek Oil Company, seeking to recover damages and for judgment declaring him to be the owner of the lease. The basis of the suit was that under his contract with Kirk, appellant had a substantial interest in the oil under the land covered by his original permit; that an implied condition of their contract was that Kirk would cause all the land included in the lease from the government to be developed in good faith and with reasonable diligence, to the end that appellant might within a reasonable time enjoy the income from the

Lewis C. Rush, of Denver, Colo. (Clyde M. Watts, of Cheyenne, Wyo., on the brief), pro se.

A. G. McClintock, of Cheyenne, Wyo. (C. R. Ellery, of Cheyenne, Wyo., and Paul Greever, of Cody, Wyo., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Lewis C. Rush, assigned an oil and gas prospecting permit, issued to him by the government, to appellee, Valentine M. Kirk, under a contract which provided that Kirk would attempt to secure an enlarged permit consolidating appellant's permit therewith; that if consolidation were effected, Kirk should commence a test well on some part of the land covered by appellant's

oil under the lease covered by his permit; that Kirk and the Dry Creek Oil Company, in whose name the lease was taken, had breached this condition by failing to develop the property, and had also breached the provision of the contract which required them to keep the lease in good standing by failing to drill the wells called for in the lease. Appellant has appealed from the judgment of the court sustaining a motion to dismiss his amended complaint and dismissing the cause of action.

■ The rights and obligations of appellant and Kirk toward each other were measured by the terms of their contract. It provided that Kirk should drill one well. It established the interest of appellant in the oil produced from the land under any lease executed by Kirk with the government. It was inherent in their contract and understood by them that Kirk would execute an oil and gas lease with the government. Their agreement did not require Kirk to include or insist on including any provisions in the lease for appellant's benefit. Appellant could assert no rights nor make any demands under the lease because he was not a party to it. After the execution of the lease, the only right appellant could assert against Kirk other than the right to his interest in the oil and gas was to insist that he carry out the provisions of the lease so that it would not become subject to forfeiture.

■ Appellant asserts that by failing to drill the wells called for in the lease, Kirk breached the provision of their contract requiring him to keep the lease in good standing and that appellant is therefore entitled to an assignment of the lease. Failure to drill the wells called for would not in itself forfeit the lease. It was only after written notice was given and failure to develop continued thereafter that the government had the right to forfeit. Apparently the government did not insist on development and acquiesced in the non-development, because no written notice was given. Furthermore, the lease expressly provided that the provision requiring the drilling of wells could be waived in writing, and it was so waived on October 15, 1940, prior to the date on which appellant filed his amended complaint seeking to be declared the owner of the lease. So that on the date when he filed his amended complaint the lease was in good standing.

■ Forfeiture is a harsh rule and will be decreed only in a clear case or when re-quired by the express provisions of a contract. We do not think that this is such a case. Appellant was entitled to fair dealing by Kirk. Failure to drill the additional wells did not in itself establish bad faith on the part of Kirk; such failure affected him the same as it did appellant. The record contains no facts or inference drawn therefrom tending to establish bad faith. There may have been good reason why development did not proceed more rapidly. Evidently there was, otherwise the government would have insisted upon more speedy development.

Affirmed.